PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CONSERVACUBE LLC, | ) | |
| | ) | CASE NO. 5:14CV0213 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| ECOCUBE PACKAGING SYSTEMS, LLC, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | [Resolving ECF No. 2] |

The within matter came on for hearing upon Plaintiff's Motion for Temporary Restraining Order (ECF No. 2).

After notice to the parties, the Court held a hearing on the motion. The Court has been advised, having reviewed the record, the parties' briefs and the applicable law. The Court has also considered the oral arguments of counsel.

Four factors are important in determining whether a temporary restraining order is appropriate: (1) the likelihood of the plaintiff's success on the merits; (2) whether the injunction will save the plaintiff from irreparable injury; (3) whether the injunction would harm others; and (4) whether the public interest would be served by the injunction. *PACCAR Inc. v. TeleScan Techs., L.L.C.*, 319 F.3d 243, 249 (6th Cir. 2003) (overruled on other grounds in *KP Permanent Make–Up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111 (2004)); *In re DeLorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir. 1985). The test is a flexible one and the factors are not prerequisites to be met, but must be balanced. *In re DeLorean Motor Co.*, 755 F.2d at 1229. In

(5:14CV0213)

balancing the four considerations applicable to temporary restraining order decisions, the Court holds that equitable relief is not appropriate at this time.

    1. At this early stage, it is not clear that Plaintiff will prevail on the merits. The lynchpin appears to be the validity of the Trademark License Agreement (ECF No. 1-4; ECF No. 9-2) and the Patent License Agreement (ECF No. 9-3). The Trademark License Agreement, on its face and as explained by Defense Attorney Cox, appears to permit Defendant access to the product at issue.

    2. Both sides may be harmed by the issuance of the temporary restraining order. Plaintiff's harm may be more significant due it's fledgling status. This causes this factor to weigh in favor of granting the temporary restraining order. Because the harm can be, at least partially cured by monetary sanctions and the Court intends to proceed expeditiously, the harm to Plaintiff is not irreparable. Therefore, the weight from this factor is not dispositive.

    3. Dilution to the trademark bodes in favor of granting the temporary restraining order. However, as stated earlier, Defendant appears to have a valid license permitting its access to the trademarked product. Ultimately, this factor bodes against issuing the temporary restraining order.

    4. Finally, some temporary restraining orders are decided primarily on this factor. Not this one. Those informed would certainly expect that trademarked matter be protected. Again, in this case, where there appears to be a license permitting the access Defendant enjoys, the public interest does not appear to be significantly implicated.

(5:14CV0213)

Having considered the factors, Plaintiff's Motion for Temporary Restraining Order (ECF No. 2) is denied.

Plaintiff's Motion for Preliminary Injunctive Relief (ECF No. 2) ("motion") shall come on for hearing on February 14, 2014, at 9:00 a.m., in Courtroom 351, Federal Building - United States Courthouse, 125 Market Street, Youngstown, Ohio.

Defendant shall serve and file a memorandum in opposition to the motion on or before February 10, 2014.

A reply memorandum, if any, shall be served and filed by Plaintiff on or before February 12, 2014.

Regardless of whether the motion is to be decided on the affidavits and exhibits or after a full evidentiary hearing, lead counsel of record shall confer with one another in person in order to prepare written stipulations as to all uncontested facts to be presented at the hearing on the motion. Said stipulations shall be filed no later than February 13, 2014, at 4:00 p.m.

IT IS SO ORDERED.

 February 3, 2014                    /s/ Benita Y. Pearson
Date                                 Benita Y. Pearson
                                     United States District Judge